**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Stuart, et al., | No. CV-17-01848-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Scottsdale, et al., | |
| Defendants. | |

Pending before the Court is the Motion for Leave to Amend filed by Plaintiff Mark Stuart (Doc. 129). Defendants filed a Response in Opposition (Doc. 132) and Plaintiff submitted a Reply (Doc. 136). The Court denies the Motion to Amend, but will give Plaintiff one additional opportunity to remedy the defects in the proposed Second Amended Complaint.

**A. Background**

This action was initially filed by Plaintiff Mark Stuart and Save Our Preserve, Inc.[1] on June 15, 2017 (Doc. 1), with an amended complaint being filed on June 16, 2017 (Doc. 5). The allegations in the Complaint focused on a dispute between Mr. Stuart and the City of Scottsdale regarding Mr. Stuart's advocacy efforts to prohibit development in the McDowell Sonoran Preserve. (Doc. 124 at 2; Doc. 5). That 19-count, 45-page First Amended Complaint alleged various violations of Mr. Stuart's constitutional and statutory

---

[1] In addition to Mr. Stuart, Save Our Preserve, Inc. was originally a plaintiff in this action. It was dismissed from the action on October 5, 2017, per order of this Court, based on failure to secure legal representation by the appointed deadline of August 1, 2018. (Doc. 91).

rights, including freedom of speech, freedom of assembly, freedom of association, due process, malicious prosecution, and 42 U.S.C. § 1983. (Doc. 5). Defendants included the City of Scottsdale, the Mayor of Scottsdale, City Council Members, the Scottsdale City Manager, members of the Scottsdale City Attorneys' Office, members of the Scottsdale Police Department, and the Scottsdale Director of Parks and Recreation. (Doc. 5).

As noted in this Court's September 27, 2018, Order on Defendants' Motion to Dismiss, the majority of the allegations in the First Amended Complaint arose out of Mr. Stuart's arrest for trespass at a February 7, 2017, Scottsdale City Council meeting and a May 26, 2017, civil citation for placing signs on posts in a public park. (Doc. 5; Doc. 124 at 2). Additional related allegations arose from other sign incidents, as well as the City of Scottsdale's enforcement of "free-speech zones." (*Id.*)

Defendants filed a Motion to Dismiss (Doc. 86), which this Court granted in part and denied in part. The Court first found that *Younger* abstention applied to Plaintiff's claims that arose out of his February 7, 2017, arrest for trespass during a Scottsdale City Council meeting (the "Trespass Action") and to Plaintiff's claims that arose out of his May 26, 2017, citation for unlawfully attaching a sign to a traffic control device (the "Sign Citation Action"). (Doc. 124 at 5-16). Based upon *Younger* abstention, the Court therefore abstained from Counts Six, Seven, Eight, Ten, Eleven, Twelve, and Thirteen, all of which sought injunctive relief, and the Court stayed Counts One, Two, Three, Five, Nine, Fourteen, Fifteen, Seventeen, Eighteen, and Nineteen, which sought damages for injuries related to the Trespass Action and the Sign Citation Action.[2] (Doc. 124 at 11-14).

In addition to applying *Younger* abstention, the Court also granted the Motion to Dismiss based upon Rule 12(b)(6) and Rule 8 of the Federal Rules of Civil Procedure. (Doc. 124 at 18-20). The Court found that "the majority of the Counts are unclear regarding which Defendants are alleged to have cause which particular harms." (Doc. 124 at 20). The Court also noted that "'Prolix, confusing complaints . . . impose unfair burdens on

---

[2] The Court notes that Plaintiff has not updated the Court regarding the status of the Trespass Action or the Sign Citation Action and that Plaintiff likewise has not moved to lift the stay of the applicable counts based upon any resolution of these actions.

litigants and judges' because they can cause confusion and unnecessary expense of judicial and attorney resources." (Doc. 124 at 20). Therefore, the Court dismissed Counts One, Four, Six, Seven, Eight, Ten, Eleven, Twelve, Fourteen, Fifteen, Seventeen, Eighteen, and Nineteen, without prejudice and to the extent that they were not already dismissed or stayed pursuant to *Younger* abstention. (Doc. 124 at 20).

On March 11, 2019, Plaintiff filed the present Motion for Leave to Amend Complaint. (Doc. 129). The proposed Second Amended Complaint expanded the list of defendants from 19 to 29, expanded the number of counts from 19 to 22, and expanded the number of paragraphs from 220 to 532. (Doc. 129-1). At the same time, the proposed Second Amended Complaint still focuses on the City of Scottsdale's alleged efforts to stifle Mr. Stuart's advocacy efforts to prohibit development in the McDowell Sonoran Preserve.[3] (Doc. 129-1). For example, Plaintiff alleges that "Scottsdale and Defendants has [sic] engaged in this pattern and practice because of their opposition to Stuart's attempts to prevent building in the Preserve and in retaliation for Stuart's exercise of protected First Amended activities." (Doc. 129-1 at ¶ 311).

The proposed Second Amended Complaint also identifies 71 separate acts that allegedly violated Plaintiff's Constitutional rights; it labels them as numbered "violations" throughout the proposed pleading. (Doc. 129-1). These allegations include statements such as: "On April 25, Lane interrupted Stuart for twenty seconds while he was speaking at open public comment. Lane also told the public to stop clapping after Stuart finished speaking, because Rule 10.5 prohibited it. The audience then stopped clapping. ('Violation 45')." (Doc. 129-1 at ¶ 246). Other allegations referred to actions relating to other entities: "In December 2018 or thereabouts, Jagger, acting under the advice and

---

[3] In the November, 2018, election, Scottsdale voters passed City of Scottsdale Proposition 420, which purportedly amended the city charter to prohibit development of preserve lands without Scottsdale voter approval. (Doc. 125). That proposal had been very similar to the proposal for which Plaintiff had been advocating. (Doc. 125 at 2). In separate status reports, the Scottsdale Defendants stated that passage of the proposition mooted any requested injunctive relief (Doc. 126), while Mr. Stuart stated that passage of the proposition did not moot any requested relief because the "relief sought applies equally to any citizen or citizen activist … and only seeks to ensure that the Defendants do not violate the US [sic] Constitution or City Charter." (Doc. 128 at 2).

counsel of Washburn and Anderson, fined SOP[4] around $8,000 for not filing a disclosure form that contained no information, and for filing disclosure forms after the deadline. (Violation 70)." (Doc. 129-1 at ¶ 301). Claims include claims under 42 U.S.C. § 1983 for violation of Plaintiff's Fourth Amendment rights to be free from unlawful seizure (Count One), to be free from unlawful arrest (Count Two; Count Twenty), and to be free of excessive force (Count Three); a § 1983 claim based on free speech (Count Four); a § 1983 claim for conspiracy to violate Plaintiff's Constitutional rights (Count Five); a § 1983 claim for violation of Fifth and Fourteenth Amendment Due Process rights (Count Six); a §1983 claim for equal protection violations (Count Seven); a § 1983 claim asking this Court to declare portions of the Scottsdale Code unconstitutional (Count Eight; Count Twenty-Two); a § 1983 claim based upon alleged unconstitutional policies (Count Nine); Arizona Constitutional claims based upon free speech (Count Ten), equal protection (Count Eleven), due process (Count Twelve), rights to petition and peacefully assemble (Count Thirteen); wrongful arrest and wrongful imprisonment (Count Fourteen); Arizona common law Intentional Infliction of Emotional Distress (Count Fifteen); Common Law Conspiracy (Count Seventeen); Negligence (Count Eighteen); Gross Negligence (Count Nineteen); and a § 1983 claim based upon "Failure to Intervene" (Count Twenty-One). Plaintiff requests declaratory judgment in what appear to be most of the claims; injunctive relief "prohibiting Defendants from violating Plaintiff's rights in the future"; nominal damages against each Defendant; presumed damages against each Defendant; compensatory and consequential damages against each Defendant; and punitive damages against each Defendant. (Doc. 129-1).

**B. Discussion**

Rule 8 provides that "A pleading that states a claim for relief must contain . . . a *short and plain* statement of the claim showing that the pleader is entitled to relief." Fed.

---

[4] SOP refers to either Save Our Preserve, Inc., a former party to this action, or to Save Our Preserve Political Action Committee, which had been the Plaintiff in related action 2-18-cv-1047, which was dismissed on May 22, 2019, by this Court because no counsel filed a Notice of Appearance on behalf of Save Our Preserve Political Action Committee by the stated deadline of May 20, 2019. (2-18-cv-1047, Doc. 103).

R. Civ. P. 8(a)(2) (emphasis added). Under the subsection entitled "Pleading to Be Concise and Direct," the rule also states that "[e]ach allegation must be *simple, concise, and direct*." Fed. R. Civ. P. 8(d)(1) (emphasis added). A complaint need not contain detailed factual allegations to avoid a Rule 12(b)(6) dismissal; it simply must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Prolix, confusing complaints . . . impose unfair burdens on litigants and judges. *McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996).

While excessive length alone is not a basis for dismissing a complaint, *see Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008), Rule 8(a) is violated by a pleading that is "needlessly long" or is "highly repetitious, or confused." *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011); *see also Martin v. Medtronic, Inc.*, 63 F. Supp. 3d 1050, 1061 (D. Ariz. 2014) (dismissing an amended complaint that was 146 pages long and had 675 numbered paragraphs because, even with dismissal of the majority of the claims, it would be "unfair to require defendants to answer the amended complaint"). Rule 8(a) is violated not just by a pleading that says too little, but also "when a pleading says too much." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (citing *Cafasso*, 637 F.3d at 1058, and recognizing the principle that a pleading may not be of "unlimited length and opacity"). If, "[a]s a practical matter, the judge and opposing counsel … must prepare outlines to determine who is being sued for what[,] [d]efendants are then put at risk that their outline differs from the judge's." *McHenry* 84 F.3d at 1179-80. Consistent with this, if the prolixity of a complaint requires "superhuman patience, effort, and insight" to make paragraph-by-paragraph responses, the district court has discretion to dismiss the complaint. *See Cafasso*, 637 F.3d at 1058 (citing *Mendez v. Draham*, 182 F. Supp. 2d 430, 433 (D.N.J. 2002)).

The proposed Amended Complaint in this action is 532 paragraphs long and is filled with cross-references to both parties and factual allegations. (Doc. 129-1). For example, as noted in Plaintiff's Reply, "Defendants P are defined at page 38, ¶ 240 [and] Defendants-C is defined at page 20, ¶ 115" (Doc. 136 at 6) – these identifications are 18 pages and 125

paragraphs apart. Scattered throughout the proposed Amended Complaint are additional references to Defendants P and Defendants-C, as well as "Defendant's01, Defendants02, . . . Defendants04, [and] DefendantsA18." (Doc. 129-1 at 61). Likewise, allegations of Constitutional violations that appear in paragraphs 39 through 317 reappear in the Legal Claims, requiring additional cross-referencing and hunting through the proposed Amended Complaint in order to determine which facts and defendants are being referenced in support of the legal claims. One example of this is the following excerpt from Count Four, alleging violations pursuant to § 1983 based upon free speech and free assembly:

> 343. Violations 3, 4, and 6 Oct. 22-23, 2016, Defendants01, HALL, S&K and ANDERSON-S, violated Stuart's free speech and assembly rights by seizing and harassing Stuart.
>
> 344. Violation 5. Oct. 23, 2016, Defendants01 and S&K.
>
> 345. Violation 7, Oct. – Nov. 2016, Defendants01 and Does 10 to 12.
>
> 346. Violation 9, Jan. 25, 2017, Defendants01.
>
> 347. Violation 10, Jan. 17, 2017, Defendants LANE, WASHBURN, Scottsdale.
>
> 348. Violation 12, on Jan. 30, 2017, Defendants-C.

(Doc. 129-1 at 68-69). Based upon the pleading exemplified by the above quotation, this Court and opposing counsel would need to sift through the first 317 paragraphs of allegations in order to identify the corresponding alleged "violations," as well as the corresponding groups of Defendants. This is true for the majority of the allegations in the legal claims portion of the proposed Amended Complaint.

The proposed Amended Complaint is not in compliance with Rule 8(a) because it is prolix, confusing, and filled with a myriad of cross-references that are scattered throughout the document. Although the Court recognizes Plaintiff's effort to more clearly identify the parties against whom each claim is made, the method used in the proposed Second Amended Complaint instead further muddies the allegations and the parties against whom those allegations are made. Accordingly, this Court denies Plaintiff's Motion for Leave to Amend Complaint (Doc. 129).

In accordance with the well-settled law in this Circuit, however, because "it is not

'absolutely clear' that [Plaintiff] could not cure [the proposed Amended Complaint's] deficiencies by amendment," the Court will give him the opportunity to once again attempt to do so. *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (citations omitted); *see also Lopez v. Smith*, 203 F.3d 1122, 1131 (internal quotation marks and citations omitted) (holding that a pro se litigant must be given leave to amend his complaint "if it appears at all possible that the plaintiff can correct the defect" in the complaint); Fed. R. Civ. P. 15(a)(2) (leave to amend should be "freely" given "when justice so requires[]").

Plaintiff's complaint must be amended to address the deficiencies identified above. Plaintiff's amended complaint should follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv"). Examples of different types of complaints demonstrating the proper form can be found in the appendix of forms that is contained with the Federal Rules of Civil Procedure (forms 11–21).[5] Each claim or cause of action must be set forth in a separate count, the parties must be clearly identified, and it must be clear which claims are being made against each defendant; neither the Court nor the opposing parties should be required to sift through disorganized allegations to match up defendants with claims, or factual allegations with legal claims.

Within **thirty (30) days** from the date of entry of this Order, Plaintiff may submit a proposed second amended complaint. Plaintiff is advised that if he elects to file a proposed second amended complaint but again fails to comply with the Court's instructions explained in this Order, the First Amended Complaint (Doc. 5) will remain the operative pleading in this matter, subject to the Court's Order on Defendants' Motion to Dismiss (Doc. 124).

…

---

[5] Those forms as well as the Federal Rules of Civil Procedure and the Local Rules, as well as other information for individuals filing without an attorney may be found on the District Court's internet web page at www.azd.uscourts.gov/. Also, Plaintiff is also encouraged to consult the resources for self-represented litigants available on the Court's website at http://www.azd.uscourts.gov/proceeding-without-attorney. Of note, the Court provides a Handbook for Self-Represented Litigants (http://www.azd.uscourts.gov/handbook-selfrepresented-litigants), as well as forms for scheduling an appointment with a volunteer lawyer at the Federal Court Self-Service Center (http://www.azd.uscourts.gov/federalcourt-self-service-clinic-phoenix).

### C. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (Doc. 129) is **DENIED** without prejudice;

**IT IS FURTHER ORDERED** that Plaintiff may submit a Motion for Leave to Amend Complaint within 30 days from the date of this Order;

**IT IS FURTHER ORDERED** that all future filings, including any motion to amend, must be filed in compliance with all Local and Federal Rules;

**IT IS FINALLY ORDERED** that, within 14 days from the date of this Order, the parties shall provide the Court with a status report regarding the status of the February 7, 2017, Trespass Action and the May 26, 2017, Sign Citation Action against Plaintiff; this status report should clarify to the Court whether those matters have been resolved and, if so, the legal effect, if any, on this matter.

Dated this 15th day of November, 2019.

_____
Honorable Diane J. Humetewa
United States District Judge