**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark E Stuart,<br><br>          Plaintiff,<br><br>v.<br><br>City of Scottsdale, et al.,<br><br>          Defendants. | No. CV-17-01848-PHX-DJH<br><br>**ORDER** |

In its April 6, 2023, Order, the Court granted Plaintiff Mark Stuart's ("Plaintiff") request for leave to file a motion under Federal Rule of Civil Procedure 36(a)(6) to determine the sufficiency of Defendant Tom Cleary's ("Defendant Cleary") objections to seven (7) of Plaintiff's eleven (11) requests for admissions ("RFAs"). (Doc. 221). Plaintiff has since filed his Rule 36[1] Motion (Doc. 223).[2] Later, the parties filed a "Joint Notice of Discovery Dispute RE Deposition of Officer Cleary" (Doc. 245), which relates to the RFAs at issue in Plaintiff's Rule 36 Motion. The Court will address Plaintiff's Rule 36 Motion before turning to the parties' discovery dispute.

///

///

---

[1] Unless otherwise noted, all Rule references are to the Federal Rules of Civil Procedure.

[2] Defendants have filed a Response (Doc. 232). Plaintiff requested a telephonic oral argument on the matter. The Court finds that the issues have been fully briefed and oral argument will not aid the Court's decision. Therefore, Plaintiff's request is denied. *See* Fed. R. Civ. P. 78(b) (court may decide motions without oral hearings); LRCiv 7.2(f) (same).

I.   **Plaintiff's Rule 36 Motion to Determine the Sufficiency of Defendant Cleary's Objections to Requests for Admission (Doc. 223)**

Plaintiff's Rule 36 Motion concerns the sufficiency of Defendant Cleary's objections to the following seven (7) RFAs:

1. Admit that on Jan. 31, 2017, Luis Santaella contacted you via email about a letter Bruce Washburn had sent Mark Stuart regarding Stuart's presentation at OPEN PUBLIC COMMENT on Jan. 24, 2017.

2. Admit that between Jan. 31, 2017, and Feb. 7, 2017, Luis Santaella told you that Mark Stuart's presentations at OPEN PUBLIC COMMENT about the SOP BALLOT INITIATIVE were illegal speech.

3. Admit that prior to the Scottsdale city council meeting of Feb. 7, 2017, you obtained a copy of Mark Stuart's "SOP PRESENTATION Feb. 7, 2017" from Luis Santaella.

4. Admit that Luis Santaella advised you that Mark Stuart's "SOP PRESENTATION Feb. 7, 2017" was prohibited from being presented to the Scottsdale city council at OPEN PUBLIC COMMENT by city attorney Bruce Washburn.

5. Admit that Luis Santaella advised you that Mark Stuart's "SOP PRESENTATION Feb. 7, 2017" was prohibited from being presented to the Scottsdale city council at OPEN PUBLIC COMMENT by Mayor Jim Lane.

6. Admit that the text displayed in lines 8–10 of this RFA is an accurate description of your interview response to a question posed to you by Mr. Stuart.

10. Admit that on Feb. 7, 2017, Luis Santaella advised you that Mark Stuart should be charged with trespassing for refusing to leave the podium as instructed by Mayor Jim Lane.

(*See* Doc. 223-2).  Rule 36 provides that a "requesting party may move to determine the sufficiency of an answer or objection.  Unless the court finds an objection justified, it must order that an answer be served."  Fed. R. Civ. P. 36(a)(6).

Defendant Cleary's objections to RFAs 1–5 and 10 were either based on Plaintiff's

- 2 -

inconsistent terminology, the attorney-client privilege, or combination thereof. Defendant Cleary's nonresponse to RFA 6 was due to lack of access to information. (*See* Doc. 223-2). Plaintiff argues the Court should either (a) rule the RFAs are deemed admitted or (b) order Defendant Cleary to serve an amended answer. (Doc. 223 at 1). The Court will evaluate the sufficiency of each of Defendant Cleary's reasons in turn.

### A. Objections Based on Terminology

Defendant Cleary objected to RFAs 1, 2, 4, and 5 due to Plaintiff's inconsistent use of the phrase "OPEN PUBLIC COMMENT" because "'the call to the public' and 'citizen petitioning' are two distinct events that are governed by entirely different statutes, ordinances, and proscriptions." (*See id*. at 3–4). By previous Order, the Court indeed found that Defendant Cleary's "objections and nonresponses [were] justified to the extent Plaintiff's use of the[] terms are inconsistent" with Defendant City of Scottsdale's Rules of Procedure, Policies and statutes. (Doc. 221 at 2). The Court will not revisit its ruling and thus finds Defendant Cleary's objections to RFAs 1, 2, 4, and 5 are justified on this basis.

### B. Objections Based on the Attorney-Client Privilege

Defendant Cleary objected to RFAs 2, 3, 4, 5, and 10 based on the attorney-client privilege,[3] contending those RFAs concerned what Defendant Luis Santaella ("Defendant Santaella"), as Senior Assistant Attorney for Defendant City of Scottsdale, advised Defendant Cleary, as a police officer for the Defendant City of Scottsdale. (Doc. 223 at 3–6). Because this is a federal question case,[4] federal privilege law applies. *See NLRB v. N. Bay Plumbing, Inc.*, 102 F.3d 1005, 1009 (9th Cir.1996) (citing Fed. R. Evid. 501).

///

---

[3] Defendant Cleary objected to RFAs 2, 4, and 5 based on Plaintiff's inconsistent terminology and under the attorney-client privilege, and objected to RFAs 3 and 10 solely under the attorney-client privilege.

[4] In Count Two of his First Amended Complaint (Doc. 5), Plaintiff claims that Defendants interfered with his exercise of First Amendment rights and wrongfully arrested him at the city council meeting on February 7, 2017. (*Id*. at ¶¶ 90–95). In Count Nine, Plaintiff brings a claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) and 42 U.S.C. § 1983. (*Id*. at ¶¶ 150–166).

### 1. Federal Standards for the Attorney-Client Privilege

A party is entitled to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). The attorney-client privilege applies in the following circumstances: "(1) [w]here legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived . . . ." *United States v. Plache*, 913 F.2d 1375, 1379 n.1 (9th Cir. 1990) (quoting *United States v. Landof*, 591 F.2d 36, 38 (9th Cir. 1978)). "The burden of proving that the attorney-client privilege applies rests with the party asserting it." *Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981). Rule 26 provides that the party asserting the privilege must "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed-and do so in a manner that, without revealing the information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(i)–(ii).

RFAs 2, 3, 4, 5, and 10 inquire about advice Defendant Santaella gave Defendant Cleary regarding the legality of Plaintiff's intended city council presentation, including whether certain acts by Plaintiff constituted illegal speech, whether Plaintiff should be prohibited form presenting at public comment, and whether Plaintiff would be charged with trespassing for refusing to leave the city council meeting. None of the information Plaintiff seeks in the RFAs falls outside of Defendant Santaella's capacity as Assistant City Attorney providing legal advice to Defendant Cleary, who was acting through his capacity as a city employee. Therefore, these communications concern privileged matters under the attorney-client privilege. *See Plache*, 913 F.2d at 1379 n.1.

### 2. Waiver of the Attorney-Client Privilege

However, Plaintiff argues Defendant Cleary implicitly waived the attorney-client

privilege regarding the information sought in the RFAs.[5]  Plaintiff asserts that when Defendants argued in their Motion for Summary Judgment on qualified immunity (*See* Doc. 251) that Defendant Cleary was not acting under the advice of counsel, Defendants waived the privilege with regard to Defendant Santaella's communications with Defendant Cleary.  (Doc. 223 at 3, 5 citing *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003) and *U.S. v. Sanmina Corp.*, 968 F. 3d 1107, 1117 (9th Cir. 2020)).  Plaintiff reasons the following:

> If Santaella's communications show that he 'set in motion a series of acts by others (Cleary and Glenn) .., [sic] which he knew or reasonably should have known, would cause others to inflict the constitutional injury,' then qualified immunity is denied to Santaella. Therefore, what Santaella told Cleary about Mark Stuart speaking at public comment on Feb. 7, 2017 and the related events, is implicitly waived.

(*Id*. at 5).

Courts apply a three-part test to determine whether a party has implicitly waived the privilege with regard to certain communications:

> First, the court considers whether the party asserting the privilege as a result of some affirmative act, such as filing suit.  Second, the court examines whether through this affirmative act, the asserting party puts the privileged information at issue.  Finally, the court evaluates whether allowing the privilege would deny the opposing party access to information vital to its defense.

*United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999).  In applying this test, the "overarching consideration is whether allowing the privilege to protect against disclosure of the information would be 'manifestly unfair' to the opposing party." *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1326 (9th Cir. 1999).  And in the Ninth Circuit, a party need not invoke the "magic words 'advice of counsel'" when it is otherwise

---

[5] Plaintiff also argues that Defendant Cleary expressly waived the privilege when he (1) "made non-specific blanket claims of privilege, which are extremely improper," and (2) "discussed his communications with [Defendant] Santaella in his police report and at [Plaintiff's] trespass trial."  (Doc. 223 at 4).  The Court finds that neither of these circumstances constitute an express waiver of privilege.

relying on privileged information to trigger waiver. *See Olvera v. County of Sacramento*, 2012 WL 273158, at *3 (E.D. Cal. Jan. 30, 2012).

The Court finds that Plaintiff meets the three-part test under *Amlani*. Defendants are asserting the privilege in this context, in part, because Defendant Cleary affirmatively claims he did not act on Defendant Santaella's counsel in arresting Plaintiff. (*See* Doc. 251 at 4, 14). Defendants placed this privileged information at issue in their Motion for Summary Judgment by arguing Defendants "Mayor Lane, Bruce Washburn, and Luis Santaella . . . did not instruct Officer Cleary to arrest Mr. Stuart; they did not ask Officer Cleary to arrest Mr. Stuart; and they did not know that Mr. Stuart had been arrested until after that arrest had been effectuated." (*Id.* at 4)

Furthermore, Defendants cannot use the attorney-client privilege as a shield after affirmatively raising this defense in this manner:

> The rule that a litigant waives the attorney-client privilege by putting the lawyer's performance at issue during the course of litigation . . . . is often expressed in terms of preventing a party from using the privilege as both a shield and a sword. In practical terms, this means that parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials.

*Bittaker v. Woodford*, 331 F.3d 715, 718–719 (9th Cir. 2003) (citing *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir.1992)); *see also United States v. Sanmina Corp.*, 968 F.3d 1107, 1117 (9th Cir. 2020). The Court agrees with Plaintiff that he cannot adequately dispute the communications between Defendants Santaella and Cleary to the extent they serve the basis for Defendants' qualified immunity defense unless he has access to such communications. (*See* Doc. 223 at 8).

The Court therefore finds that Plaintiff is entitled to certain communications between Defendants Lane, Washburn, Santaella, and Cleary that reference Plaintiff's conduct leading up to his arrest at the February 7, 2017, city council meeting. *See, e.g.*, *Olvera*, 2012 WL 273158, at *3–4; *Roehrs v. Minnesota Life Ins. Co.*, 228 F.R.D. 642, 646–47 (D. Ariz. 2005); *Hearn v. Rhay*, 68 F.R.D. 574, 582 (E.D. Wash. 1975) (reasoning

that to allow assertion of the privilege where "defendant's communications with their attorney is inextricably merged with . . . defendants' affirmative defense [of immunity] . . . . would pervert its essential purpose and transform it into a potential tool for concealment of unconstitutional conduct behind a veil of confidentiality."). This, however, does not serve as a blanket waiver of any and all communications between Defendants Lane, Washburn, Santaella, and Cleary. Defendants have implicitly and limitedly waived privilege over communications with regards to advice to Defendant Cleary on how to handle Plaintiff at the February 7, 2017, city council meeting. All other communications remain privileged unless otherwise waived. The Court will direct the parties to meet and confer on the terms of a protective order that address this issue of limited implicit waiver, as well as any other communications Defendants assert are privileged. *See infra* Section II.

In sum, notwithstanding the valid objections Defendant Cleary made regarding Plaintiff's inconsistent terminology, the Court finds that the information sought in RFAs 2, 3, 4, 5, and 10 are not privileged. To the extent Defendant Cleary has based an objection to an RFA under the attorney client privilege only, namely RFAs 3[6] and 10, Defendant Cleary is instructed to modify and respond to the RFA accordingly.

### C. Nonresponse Based on Lack of Information

With respect to RFA 6, Defendant Cleary represented that he "[did] not have access to a recording of the referenced interview, and despite reasonable inquiry and investigation, the information Officer Cleary knows or can readily obtain is insufficient to permit him to admit or deny this request." (Doc. 223-2 at 5). Plaintiff argues this reason is insufficient because Defendant Cleary "[did] not described what reasonable inquiry he made, before answering." (Doc. 223 at 7). But absent an express request from Plaintiff seeking such explanation, which is not apparent by the plain language of Plaintiff's RFAs that were submitted to the Court (*See* Doc. 223-2), Defendant Cleary is not obligated to provide further explanation. Nor has Plaintiff directed the Court to any legal authority showing

---

[6] Defendant Cleary also objected to RFA 3 on the grounds that it would be "impossible for Cleary to know whether he received a particular document six years ago prior to a particular date." (Doc. 223-2 at 4). The Court finds this nonresponsive.

- 7 -

Defendant Cleary bears such a burden.

The Court therefore finds Defendant Cleary's nonresponse to RFA 6 is justified.

## II.   The Parties' Joint Notice of Discovery Dispute (Doc. 245)

At issue in the present discovery dispute is Plaintiff's conduct while deposing Defendant Cleary on April 24, 2023. Defendant Cleary's deposition was scheduled from 9:00am–1:00pm and Defendant Cleary's counsel, Mr. Cloar, terminated the deposition at 11:53am. (Doc. 245 at 2). This discovery dispute is intertwined with Plaintiff's Rule 36 Motion because Plaintiff's challenged deposition questions are identical to RFAs 1, 2, 3, 4, 5, 6, and 10. (*Compare* Doc. 245 at 7–26 *with* Doc. 223-2).

Mr. Cloar represents he was forced to terminate Defendant Cleary's deposition under Rule 30 (d) because Plaintiff "unabashedly attempted to breach the attorney-client privilege, asking at least eight times about conversations between Officer Cleary and Luis Santaella, the Assistant City Attorney who provided legal advice to the Scottsdale Police Department." (Doc. 245 at 1). He further represents that Plaintiff's attempts to invade the attorney-client privilege was in bad faith. (*Id*. at 2). Mr. Cloar thus requests this Court to terminate the remaining hour of Defendant Cleary's deposition under Rule 30(d) and for a protective order regarding the privileged communications at issue.

Plaintiff contends he did not ask about privileged matters and was rather inquiring about Defendant Cleary's actions in responding to RFAs. (*Id*. at 3). Plaintiff further argues Mr. Cloar did not follow the appropriate procedure for addressing questions that may invade privileged matters: "[t]here is no prohibition on asking questions which may be privileged. The proper procedure is to ask the question and for the deponent to invoke privilege as a justification for refusing to answer. Then, the questioner seeks a ruling from the Court on the privilege issue." (*Id*. at 3). Plaintiff thus asks the Court to allow him to file a motion to compel the resumption of Defendants Cleary's deposition and a motion for sanctions under Rule 30(d)(2).

Rule 30(d) provides the following:

/ / /

> At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. The motion may be filed in the court where the action is pending or the deposition is being taken. If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order.

Fed. R. Civ. P. 30(d)(3)(A). A "defense counsel's decision to terminate the deposition after [p]laintiff refused to stop asking about privileged information is permitted by Rule 30(d)(3)(A)[.]" *Van v. Black Angus Steakhouses, LLC*, 2018 WL 11322708, at *4 (N.D. Cal. Sept. 26, 2018); *see also City of Pomona v. Sociedad Quimica Y Minera De Chile SA*, 2020 WL 13357216, at *2 (C.D. Cal. Nov. 10, 2020) ("[t]he Rule refers to improper conduct of the deposition by the inquiring party, such as . . . attempting to pierce privilege).

The deposition transcript shows that Plaintiff repeatedly asked Defendant Cleary about the same matters at issue in Plaintiff's RFAs. (*Compare* Doc. 245 at 14, 15, 16–19 *with* Doc. 223-2). However, the Court has concluded that Defendants implicitly waived the attorney-client privilege over these matters because they were placed at issue in Defendants' Motion for Summary Judgment on qualified immunity, and Defendant Cleary's objections on privileged grounds are not justified. *See supra* Section I.B. Therefore, Mr. Cloar's attorney-client privilege objections to Plaintiff's similar deposition questions are also not proper. Plaintiff is permitted to inquire about certain communications between Defendants Santaella and Cleary that reference Plaintiff's conduct leading up to his arrest at the February 7, 2017, city council meeting. *Id*.

The Court will deny Mr. Cloar's request to terminate Defendant Cleary's deposition and order it be resumed. Plaintiff is permitted to conduct the remaining one (1) hour and seven (7) minutes. However, given Defendants' implicit waiver of limited communications that are otherwise privileged, the Court finds resumption of Defendant Cleary's deposition would not be productive without a protective order in place. Last, in light of the Court's resolution of the attorney-client privilege issues, the Court will deny Plaintiff's request for sanctions under Rule 30(d)(2).

Accordingly,

**IT IS ORDERED** that Plaintiff's "FRCP 36(a)(6) Motion to Determine the Sufficiency of Defendant Cleary's Objections to Requests for Admission" (Doc. 223) is **GRANTED in part and DENIED in part**. Notwithstanding the valid objections Defendant Cleary made regarding Plaintiff's inconsistent terminology, the information sought in RFAs 2, 3, 4, 5, and 10 are not privileged. To the extent Defendant Cleary has based an objection to an RFA under the attorney client privilege only, namely RFAs 3 and 10, Defendant Cleary shall modify and respond to the RFA accordingly.

**IT IS FURTHER ORDERED** that Defendants' request for a protective order (Doc. 245) is **GRANTED**. The parties shall meet, confer, and propose a protective order **within fourteen (14) days** of the issuance of this Order. To the extent "a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must" create a privilege log in compliance with the requirements under Federal Rule of Civil Procedure 26(b)(5).

**IT IS FURTHER ORDERED** that Defendants' request to terminate Defendant Cleary's deposition (Doc. 245) is **DENIED**. The remainder of Defendant Tom Cleary's deposition may only resume following Court approval of a protective order.

**IT IS FURTHER ORDERED** that Plaintiff's request for leave to file a motion for sanctions under Federal Rule of Civil Procedure 30(d)(2) (Doc. 245) is **DENIED**.

**IT IS FURTHER ORDERED** that all briefing deadlines related to Defendants' Motion for Summary Judgment (Doc. 251) are **STAYED**. **Within two (2) days** of the completion of Defendant Cleary's deposition, the parties shall jointly submit a proposed briefing deadline for Defendants' Motion for Summary Judgment (Doc. 251).

Dated this 26th day of June, 2023.

Honorable Diane J. Humetewa
United States District Judge