WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark E Stuart, et al., | No. CV-17-01848-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Scottsdale, et al., | |
| Defendants. | |

Defendants have filed a "Motion for Order Compelling Plaintiff to Attend Independent Medical and Mental Examination ("IME")" (Doc. 241)[1] under Federal Rule of Civil Procedure 35. Defendants argue an IME is necessary because Plaintiff Mark Stuart ("Plaintiff") "retained an expert for the purposes of both asserting specific psychological trauma and injury, as well as to opine that such injuries were caused by Defendants." (*Id*. at 2). Defendants subsequently filed a related Motion to Extend Expert Rebuttal Disclosure Deadline and Expert Deposition Deadline (Doc. 257). The Court will address each Motion in turn.

**I.     Motion to Compel Plaintiff to Attend Examination (Doc. 241)**

Defendants seek to compel Plaintiff to attend an IME under Federal Rule of Civil Procedure 35. Rule 35[2] provides courts with the authority to "order a party whose mental

---

[1] The matter is fully briefed. Plaintiff filed a Response (Doc. 244) and Defendants filed a Reply (Doc. 246).

[2] Unless where otherwise noted, all Rule references are to the Federal Rules of Civil Procedure.

or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). A plaintiff "who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964). The moving party's request for an examination must be supported by "good cause" and must "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." *Id*. at 35(a)(2).

Defendants' Motion for an IME is supported by good cause because Plaintiff's mental health and alleged psychological injuries is "in controversy" in this matter. Fed. R. Civ. P. 35(a)(1). Plaintiff seeks "$438,000 compensation for emotional distress and trauma caused by the arrest" on February 7, 20217. (Doc. 241 at 14). Furthermore, Plaintiff's expert represents in her declaration that the subject arrest caused Plaintiff to experience injuries in the form of psychological trauma, emotional distress, PTSD, and a "psychological disorder" for which he was hospitalized for and received treatment. (*Id*. at 7–11). This provides Defendants with good cause to compel Plaintiff to attend an IME. Accordingly, the Court will grant Defendant's Motion for an IME so that Defendants can determine the existence and extent of Plaintiff's asserted psychological injuries.

However, the Court agrees with Plaintiff that there are deficiencies regarding the logistics of Defendants' requested IME. Defendants intend to schedule Plaintiff for an examination with Dr. Elizabeth A. Kohlhepp to take place from 9:00am to 4:30pm at the following location: 10752 N. 89th Place, A206 Scottsdale, AZ 85260. (Doc. 241-1). But Defendants do not specify with particularity the conditions of the examination in their request. *See* Fed. R. Civ. P. 35(a)(2). Defendants represent that "Dr. Kohlhepp is a Board Certified psychiatrist who will perform what she believes to be the appropriate diagnostic tests to evaluate Plaintiff's claims of PTSD, depression, and anxiety caused by Defendants," but do not identify those diagnostic tests sought. (Doc. 246 at 4 n.2).

Plaintiff also objects to an all-day examination due to financial burdens because it would require him to take extensive leave from work.  (Doc. 244 at 4).

The Court will thus require the parties to meet and confer on the matter.  Once the parties come to an agreement, Defendants shall file a status report with the Court clarifying the conditions of the examination—i.e., what diagnostic tests will be performed—and the agreed upon time and date(s) of the examination.

## II.    Motion to Extend (Doc. 257)

Having found that Defendant's Motion to Compel Plaintiff to attend an IME is supported by good cause, the Court further concludes that modification of the Scheduling Order is appropriate.  Defendants represent that Plaintiff served an expert report diagnosing him with various psychological disorders on May 16, 2023.  Defendants rebuttal expert disclosure deadline was July 17, 2023.  However, Defendants filed their requests to compel a Rule 35 IME and extend the rebuttal expert disclosure deadline and expert deposition deadlines on May 25, 2023, and July 12, 2023, respectively.

In order to allow time for Plaintiff to attend an IME and for Defendants to prepare a rebuttal export report, the Court will grant Defendant an extension of forty-five (45) days for their July 17, 2023, rebuttal expert disclosure deadline.  Consequently, the Court will also extend the September 1, 2023, expert depositions deadline by forty-five (45) days.

Accordingly.

**IT IS ORDERED** that Defendants' "Motion for Order Compelling Plaintiff to Attend Independent Medical and Mental Examination ("IME")" (Doc. 241) is **GRANTED in part.  Within fourteen (14) days** of this Order, the parties shall meet and confer on what diagnostic tests will be performed during the examination at what time and date(s).  Defendants shall be responsible for filing a status report clarifying the time, place, manner, conditions, and scope of the agreed upon examination **no later than August 7, 2023.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Extend Expert

1  Rebuttal Disclosure Deadline and Expert Deposition Deadline (Doc. 257) is **GRANTED**.
2  The Rule 16 Scheduling Order (Doc. 182) is modified to extend the rebuttal expert
3  disclosure deadline and expert depositions deadline by forty-five (45) days. The
4  deadlines are reset for August 31, 2023, and October 9, 2023, respectively. The
5  remainder of the Rule 16 Scheduling Order (Doc. 182) is **AFFIRMED**.
6      Dated this 21st day of July, 2023.

Honorable Diane J. Humetewa
United States District Judge