**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark E Stuart,<br><br>           Plaintiff,<br><br>v.<br><br>City of Scottsdale, et al.,<br><br>           Defendants. | No. CV-17-01848-PHX-DJH (JZB)<br><br>**ORDER** |

Plaintiff Mark Stuart ("Mr. Stuart") has filed a "Motion to Alter or Amend Judgment" (Doc. 324)[1] under Federal Rule of Civil Procedure 59(e) with respect to the Court's March 27, 2024, Order granting summary judgment in favor of Defendants (Doc. 322) (the "Summary Judgment Order"). In his Motion, Mr. Stuart relitigates old issues the Court has already decided by regurgitating the arguments he made, and the Court considered, while defending against summary judgment. His Motion is therefore denied.

**I.  Background**

The Court spent forty-three pages explaining why Defendants were entitled to summary judgment on Counts Two—Mr. Stuart's First Amendment interference and retaliation claim—and Count Nine—Mr. Stuart's claim under *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978) ("*Monell*"). (*See generally* Doc. 322). The Summary Judgment Order was based on three primary holdings. First, upon application of the claim preclusion doctrine, this Court found the order dismissing

---

[1] The matter is fully briefed. Defendants filed a Response (Doc. 330) and Mr. Stuart filed a Reply (Doc. 331).

Mr. Stuart's *Monell* claim in *Stuart v. City of Scottsdale*, No. 2:20-cv-00755-JAT (D. Ariz. 2020) ("*Stuart II*") was preclusive of his *Monell* claim under Count Nine against the City, Mayor Lane, and Attorney Washburn. (Doc. 322 at 12–22).

Second, in light of the Maricopa County Superior Court's affirmance of Mr. Stuart's guilty conviction for failing to obey a police officer in Ruling / Remand, *Arizona v. Stuart*, No. LC2020-000239-001 DT (Maricopa Cnty. Super. Ct. Nov. 13, 2020); (*see also* Doc. 282 at 82–107) (the "Appeal Ruling"), this Court found the issue preclusion doctrine prevented Mr. Stuart from arguing Mayor Lane, Attorney Washburn, Attorney Santaella, Officer Cleary, and Officer Glenn interfered with his First Amendment rights under Count Two. (*Id.* at 22–37). The question was whether the Appeal Ruling precluded Mr. Stuart from disputing whether he was subject to unlawful speech restrictions at the February meeting. This Court explained that "[t]he Appeal Ruling held that the refusal to allow Stuart to speak at the February meeting was a viewpoint neutral restriction on his speech, and that his removal was reasonable in light of the circumstances." (*Id.* at 27–28 (quoting Doc. 282 at 92–95)). The Court thus concluded the Appeal Ruling has already resolved the speech restriction issue in this case under the collateral estoppel elements —that is, the issue was the same in both proceedings, the issue was actually litigated in the Appeal Ruling, Mr. Stuart had a full and fair opportunity to litigate the issue in the Appeal Ruling, and the issue was essential to the Appeal Ruling's judgment. (*Id.* at 26–30).

Third, this Court held Mayor Lane, Attorney Washburn, Attorney Santaella, Officer Cleary, and Officer Glenn were entitled to qualified immunity and could not be held liable for Mr. Stuart's First Amendment retaliation claims under Count Two, which left no independent basis to hold the City liable. (*Id.* at 37–43). In so doing, the Court found the circumstances at the February Meeting could lead a reasonable officer to believe there was probable cause to arrest Mr. Stuart for remaining unlawfully at the podium under A.R.S. § 13-1503A, and that doing so conformed with Police General Order 2014. (*Id.* at 39–41).

Mr. Stuart challenges the latter two holdings in his Motion.

/ / /

## II. Legal Standard

Within 28 days after judgment is entered, a party may move "to alter or amend a judgment" under Federal Rule of Civil Procedure 59(e). Fed. R. Civ. P. 59(e). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam) (cleaned up). Caselaw generally recognizes that a Rule 59(e) motion may be granted in four circumstances: when necessary (1) to correct manifest errors of law or fact upon which the judgment rests; (2) to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. *Allstate Ins. v. Herron*, 634 F.3d 1101 (9th Cir. 2011). Rule 59(e) may not, however, "be used to relitigate old matters, or to raise arguments or present evidence that could have been made prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted); *see also Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (noting that Rule 59(e) offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources") (internal quotation omitted); *Bollenbacher v. Comm'r of Soc. Sec.*, 621 F. Supp. 2d 497, 501 (N.D. Ohio 2008) (stating that a Rule 59(e) "motion is not a substitute for appeal and does not allow the unhappy litigant to reargue the case").

## III. Discussion

Mr. Stuart urges the Court should amend the Summary Judgment Order because it made two errors: (1) the Court erroneously concluded that Mr. Stuart had a full and fair opportunity to litigate the issue of viewpoint discrimination under the third prong of its issue preclusion analysis (Doc. 324 at 2, 3–9); and (2) the Court erroneously interpreted A.R.S. 13-1503(A) to conclude the circumstances at the February 7, 2017, Scottsdale City Council Meeting (the "February Meeting") could lead a reasonable officer to believe there was probable cause to arrest Mr. Stuart for remaining unlawfully at the podium. (*Id*. at 9–14).

### A. Issue Preclusion and Viewpoint Discrimination

Mr. Stuart first argues the Court erred in its analysis of the third issue preclusion prong when holding the Appeal Ruling collaterally estopped him from arguing the issue of viewpoint discrimination in this case. Mr. Stuart complains the Court did not require Defendants to prove the third prong, and it "simply accepted defendants conclusory arguments." (Doc. 324 at 3). Not so. The Summary Judgment Order noted specific excerpts of the Appeal Ruling that demonstrated Mr. Stuart had a full and fair opportunity to litigate the issue of whether his speech was restriction at the February Meeting:

> [] Mr. Stuart argues he did not have any opportunity to present evidence of the viewpoint discrimination on appeal or evidence of the rules of public comment on appeal to prove he was unlawfully excluded from the form. (Doc. 299 at 9). The Appeal Ruling's analysis plainly contradicts Mr. Stuart's position. (See Doc. 282 at 93 ("The Stuart brief identifies no evidence establishing that he was not allowed to speak in favor of, and solicit support for, his election initiative because Lane, Washburn, or anyone else was opposed to that initiative."), 89 n.11 ("Although the Stuart brief maintains, in effect, that he had what amounted to an unqualified right to speak during the open call to the public, that brief does not dispute that urging support, and soliciting volunteers to obtain signatures, for an election initiative was beyond the city council's jurisdiction. See A.R.S. §38-431.01(H). Nor does the Stuart brief argue that the statute's restriction to 'any issue within the jurisdiction of the public body' is somehow unconstitutional."), 92 ("The Stuart brief seems to assume that, merely because Stuart wished to utter words, his proposed speech had content, and thus, to deny him the opportunity to speak those words was an impermissible content-based speech restriction. The issue, however, is not whether a speaker had something to say: the issue is 'whether the government has adopted a regulation of speech because of disagreement with the message it conveys.'"), 93 ("Both in his brief and during the oral argument, Stuart insisted that the refusal to allow him to speak at the city council meeting must be subjected to strict scrutiny analysis. In support of that contention, the Stuart brief relies on Reed v. Town of Gilbert, 576 U.S. 155 (2015). . . . Stuart also maintained during the oral argument that Reed, in effect, overruled all of those cases cited above, and others, in which a reasonable and viewpoint-neutral level of scrutiny was applied to speech restrictions in limited public and nonpublic forums.")).

(Doc. 322 at 28–29).

Mr. Stuart either advances the same arguments he made when defending against summary judgment, or raises arguments that could have been made prior to the entry of judgment, all of which are insufficient for Rule 59(e) purposes. *Exxon Shipping*, 554 U.S. at 485 n.5. The Appeals Ruling speaks for itself, and the Court will not revisit its judgment.

### B.    Probable Cause and Retaliatory Arrest

Mr. Stuart's second theory is that the Court erroneously interpreted A.R.S. 13-1503(A) to conclude there was probable cause to arrest Mr. Stuart at the podium for trespass. A.R.S. § 13-1503A provides that "[a] person commits criminal trespass in the second degree by knowingly entering or remaining unlawfully in or on any nonresidential structure or in any fenced commercial yard." A.R.S. § 13-1503A. And Mr. Stuart accurately states that where the criminal statute "itself makes it a requirement that the defendant know his entry or remaining was unlawful, it is still an essential element of the crime even though no longer required for the mental state of 'knowingly.' " *State v. Kozan*, 146 Ariz. 427, 430( Ariz. Ct. App. 1985). The Court acknowledged as much in the Summary Judgment Order. (*See* Doc. 322 at 40).

Mr. Stuart argues the Court erred because A.R.S. 13-1503(A) is a specific intent crime and "[r]emaining in a place after being 'told he could not,' is not evidence of specific intent." (Doc. 234 at 10). Mr. Stuart asks "[w]hich law was plaintiff allegedly violating by remaining at the podium?" (*Id.*) The Summary Judgment clearly answered Mr. Stuart's question: the Open Meeting Law[2] and A.R.S. § 9-500.146[3] regarding using City resources for the purpose of influencing the outcome of an election resource. (Doc. 322 at 3–5). To be sure, Mr. Stuart argues there is no evidence from which Officer Cleary and Glenn could

---

[2] The Summary Judgment refers to A.R.S. § 38-431.01(I) as the Open Meeting Law, which states that "[a] public body may make an open call to the public during a public meeting, subject to reasonable time, place and manner restrictions, to allow individuals to address the public body on any issue within the jurisdiction of the public body." A.R.S. § 38-431.01(I).

[3] A.R.S. § 9-500.14 states that "[a] city or town shall not spend or use its resources, including the use or expenditure of monies, accounts, credit, facilities, vehicles, postage, telecommunications, computer hardware and software, web pages, personnel, equipment, materials, buildings or any other thing of value of the city or town, for the purpose of influencing the outcomes of elections." A.R.S. § 9-500.14(A).

- 5 -

infer that Mr. Stuart knowingly remained unlawfully at the podium in violation of these statutes. However, the undisputed record plainly contradicts Mr. Stuart's position. Multiple times before the February Meeting, Attorney Washburn made Mr. Stuart aware that presenting on the SOP Ballot Initiative in his intended manner violates the Open Meeting Law and A.R.S. § 9-500.146. (*See* Docs. 298-1 at 3, Attorney Washburn's Warning Letter; 298-1 at 4, Attorney Washburn's email). Mayor Lane also reiterated these statements at public comment.[4] Because both Officer Cleary and Glenn stated they knew about Attorney Washburn and Mr. Stuart's prior communications—i.e., that Mr. Stuart was made aware his presentation on the SOP Ballot Initiative at public comment contravened state law—they had reason to believe that Mr. Stuart knowingly remained unlawfully at the podium.[5]

The fact that A.R.S. § 13-1503A is a specific intent time is a point Mr. Stuart has raised time and time again. (*See* Doc. 298 at 12–14). His reassertion does not show the Court erred when finding Officer Cleary and Officer Glenn had probable cause to arrest Mr. Stuart under A.R.S. § 13-1503A.

---

[4] See Archived Video of February 07, 2017, City Council Meeting, at 22:30–26:07, https://scottsdale.granicus.com/player/clip/7853?view_id=106&redirect=true&h=4ac9d393cb0f0e5e187305654cdd222 (last visited Mar. 19, 2024).

[5] Officer Cleary stated the following:

> I received an email from the Police Legal Advisor Luis Santaella informing me that a Mr. Mark E. Stuart had been sent a letter by the City Attorney Bruce Washburn dated January 30th, 2017. This letter informed Stuart that he was in violation of a State law regarding his solicitation of volunteers and signatures for a petition. This solicitation has been deemed not permissible by the City Attorney and a misuse of public resources for the purpose of influencing an election.

(Doc. 251-2 at 5). Similarly, Officer Glenn stated the following:

> I was aware of a letter sent to Mr. Stuart by the City of Scottsdale City Attorney Bruce Washburn that was sent on January 30th 2017. The letter informed Mr. Stuart that he was in violation of a State Law in reference to Stuart`s solicitation of volunteers and signatures for a petition he was working on. The solicitation was deemed not permissible by the City Attorney and a misuse of public resources for the purpose of influencing an election during public comment.

(*Id*. at 12).

**IV.  Conclusion**

Rule 59(e) offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  Mr. Stuart's repeated efforts to confuse the issues and relitigate matters already decided does not merit that extraordinary remedy.

Accordingly,

**IT IS ORDERED** that Plaintiff Mark Stuart's "Motion to Alter or Amend Judgment" (Doc. 324) is **DENIED**.

Dated this 9th day of September, 2024.

Honorable Diane J. Humetewa
United States District Judge